# *United States Court of Appeals*
**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

March 06, 2025

Mr. Tyler J. Becker
Williams & Connolly, L.L.P.
680 Maine Avenue, S.W.
Washington, DC 20024

Ms. Lisa Schiavo Blatt
Williams & Connolly, L.L.P.
680 Maine Avenue, S.W.
Washington, DC 20024

Ms. Claire Rossell Cahill
Williams & Connolly, L.L.P.
680 Maine Avenue, S.W.
Washington, DC 20024

Ms. Sarah M. Harris
Williams & Connolly, L.L.P.
680 Maine Avenue, S.W.
Washington, DC 20024

Ms. Amy Mason Saharia
Williams & Connolly, L.L.P.
680 Maine Avenue, S.W.
Washington, DC 20024

     No. 24-60653   Starbucks v. NLRB
                   Agency No. 14-CA-300065

Dear Counsel,

We have filed the record.  PETITIONER'S BRIEF AND RECORD EXCERPTS ARE DUE WITHIN 40 DAYS FROM THE DATE ABOVE, See Fed. R. App. P. and 5th Cir. R. 28, 30 and 31.  Except in the most extraordinary circumstances, the <u>maximum</u> extension for filing briefs is 40 days in agency cases. See also 5th Cir. R. 30.1.2 and 5th Cir. R. 31.1 to determine if you have to file electronic copies of the brief and record excerpts, and the Portable Document Format (PDF) you MUST use. See also 5th Cir. R. 30.1 for the contents of the Record Excerpts which are filed instead of an appendix.  You may access

our briefing checklist on the Fifth Circuit's website "http://www.ca5.uscourts.gov/docs/ default-source/forms-and-documents---clerks-office/rules/ brchecklist.pdf". An intervenor's time is governed by 5th Cir. R. 31.2. 5th Cir. R. 42.3.2 allows the clerk to dismiss appeals **without notice** if the brief is not filed on time.

**The caption for this appeal is attached, and we ask you to use it on any briefs filed with this court.**

Brief Template: The clerk's office offers brief templates and the ability to check the brief for potential deficiencies prior to docketing to assist in the preparation of the brief. To access these options, log in to CM/ECF and from the Utilities menu, select 'Brief Template' (Counsel Only) or 'PDF Check Document'.

**Once you obtain the record, you should check it within 14 days of receipt for any missing or incomplete items. If you need to request a supplemental record or order transcripts, do so promptly. The court will not grant extensions of time to file your brief because you did not timely check the record.**

**Guidance Regarding Citations for Administrative Records**

See 5th Cir. R. 28.2.2 - You must use the proper citation format when citing to the electronic administrative record.

Within the electronic record, the record citation cited at the bottom left hand side of the page is the proper citation to be used.

An example of a proper record citation format is, "ROA" followed by a period, followed by the page number. For example, "ROA.123". See 5th Cir. R. 28.2.2.

Record Excerpts: 5th Cir. R. 30.1.7(c) provides that the electronic PDF version of the record excerpts should contain pages representing the "tabs" identified in the index of the document. However, we remind attorneys that the actual paper copies of record excerpts filed with the court must contain actual physical tabs that extend beyond the edge of the document, to facilitate easy identification and review of tabbed documents.

**Reminder as to Sealing Documents on Appeal:** Our court has a strong presumption of public access to our court's records, and the court scrutinizes any request by a party to seal pleadings, record excerpts, or other documents on our court docket. Counsel moving to seal matters must explain in particularity the necessity for sealing in our court. Counsel do not satisfy this burden by simply stating that the originating court sealed the matter, as the circumstances that justified sealing in the originating court may have changed or may not apply in an appellate proceeding. It is the obligation of counsel to justify a request to file under seal, just as it is their obligation to notify the court whenever sealing is no longer necessary. An unopposed motion to seal does not obviate a counsel's obligation to justify the motion to seal.

Sincerely,

LYLE W. CAYCE, Clerk

By: /s/ Christy Combel
Christy Combel, Deputy Clerk
504-310-7651

Enclosure(s)

cc w/encl:
    Ms. Ruth E. Burdick
    Mr. Gregory Paul Lauro
    Ms. M. Kathleen McKinney
    Ms. Kira Dellinger Vol

Case No. 24-60653


Starbucks Corporation,

    Petitioner/Cross-Respondent

v.

National Labor Relations Board,

    Respondent/Cross-Petitioner